**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICIA MACKRELL, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-cv-704 |
| v. | (JUDGE CAPUTO) |
| FULTON FRIEDMAN & GULLACE, and ASSET ACCEPTANCE, LLC | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a discovery dispute over the Defendants' response to Plaintiff's interrogatories. Because the specific information Plaintiff Patricia Mackrell seeks is not directly relevant to her case, the Court will deny her discovery request.

## **I. Background**

In her Amended Complaint, Plaintiff Patricia Mackrell seeks damages from debt collector Defendants Friedman & Gullace, LLP ("Friedman") and Asset Acceptance, LLC, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Asset Acceptance, the holder of a disputed account, enlisted Friedman to collect the purported outstanding amount of $665.63. On September 22, 2010, Friedman mailed a letter to Mackrell attempting to collect the amount owed and threatening to sue. Mackrell argues that Friedman had no intention of ever suing her, and this letter was therefore a violation of the Act as a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

Plaintiff served a single interrogatory on both Defendants requesting specific

information as to each debtor the Defendants sent a demand letter to since January 1, 2010. The Defendants did not comply with this request. At a January 25, 2012 telephonic Case Management Conference, the Parties raised this discovery issue with the Court and briefing was ordered on the issue. As such, this matter is now fully briefed and is ripe for the Court's review.

## II. Discussion

Federal Rule of Civil Procedure Rule 26 fixes the scope of discovery as to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* While "the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Moreover, discovery shall be limited where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). "Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment." *McConnell v. Canadian Pac. Realty Co.*, 4:11-CV-972, 2011 WL 5520322 (M.D. Pa. Nov. 14, 2011).

Plaintiff served a singular interrogatory on both Defendants which sought information as to each demand letter sent since January 1, 2010 by or on behalf of each Defendant. The request was limited to demand letters which indicated that disregarding the notice could

2

initiate legal proceedings to collect the debt.  (Pl.'s Ex. A at 2, 6.)  For each, Plaintiff requested the consumer's name, the creditor's name, the date of the demand letter, the date of initial consumer contact, the dispute date, the consumer's address, the date legal proceedings were commenced, and the court in which such proceedings were initiated.  (*Id.* at 3, 7.)

The individualized determinations Mackrell seeks are not relevant to her claim because each singular case includes a myriad of factors that preclude a useful comparison to her specific case.  As the Defendants point out, "during the period of time between the date the initial demand letter is mailed to a consumer and suit is filed, information may be learned that would change the decision about whether or when to file suit."  (Defs.' Br. at 3, Doc. 19.)  This lack of symmetry, they argue, renders it impossible to make an "'apples to apples' comparison without deposing each person who made a decision upon each account to see which factors led to the decision to sue, or not to sue."  (*Id.* at 4.)  This incongruence is exactly the problem with the broad array of data sought by Mackrell.  As no two cases are exactly alike, the actions taken in any particular instance are simply not relevant to the actions taken in Mackrell's particular case.  Moreover, since no other case is inherently relevant to Mackrell's claim, any effort to compare Mackrell's case to any other would devolve into an analysis of the legality of the action taken in that comparison case, a further irrelevant inquiry.

Mackrell correctly asserts that a violation of the Act can be had were a debt collector represents "that it could take an action that it had no intention of taking and has never or very rarely taken before."  *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006).  From this, she represents that she seeks only to derive the frequency in which the Defendants actually

3

initiated suit and "would simply ask the jury to infer liability from . . . that suits on similar debts were initiated rarely, or never." (Pl.'s Br. at 15, Doc. 21.) This particular approach, however, does not require that Mackrell obtain individualized data as to each specific action taken by these Defendants. And, more generalized debt collector statistics may be discoverable to advance on such a theory. In fact, a case cited by Mackrell, *Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998), lends support for this position. While that case turned on whether those particular defendants were acting as a collection agency or as attorneys, that court deemed relevant whether the defendants ever filed suits against debtors in that state and compelled a response to an interrogatory inquiring as to the *percentage* of cases in which suit was initiated. *Id.* at 209. Thus, while such statistical information may be discoverable, the details of each individualized case are not relevant to Mackrell's particular case. Moreover, no good cause has been shown for the broad discovery sought.

### III. Conclusion

Mackrell's discovery request seeks particularized information that is not relevant to her claim and the Court will deny her discovery request. An appropriate order follows.


 May 8, 2012                                                     /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                  United States District Judge